IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KB HOME NEVADA INC., Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JERRY A. WIESE, DISTRICT JUDGE, Respondents, and LIBERTY AT PARADISE COMMUNITY ASSOCIATION; ALDO E. VINNETTILLI; FANNIE B. VINNETTILLI; LOVELLE-CRAMBLIT LIVING TRUST; JODY FORD REVOCABLE LIVING TRUST; JOHN D. LEE; LEO J. MEYER, III; MARGARET E. MEYER, III; LORI KLABACHA; LYNDA M. BEAM; MIRNA A. VALLEJO; NANCY WARDZINSKI; ALISON A. RICHARDS; RANDY A. NEAR; RICHARD J. CIOLFI; ROBERT J. FRANKO; JANET E. FRANKO; SHANE D. PETERSON; STEVE JOHNSON; AND KAREN JOHNSON, Real Parties in Interest. | No. 69389 <br><br> **FILED** <br><br> NOV 29 2016 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _____ <br> DEPUTY CLERK |

*ORDER GRANTING PETITION IN PART*

This is an original petition for a writ of mandamus or prohibition challenging a district court order in a construction defect action.

Between October 4, 2012, and September 13, 2013, five individual homeowners (the original homeowners) served KB Home

Nevada Inc. (KB) with NRS 40.645 prelitigation notices regarding alleged construction defects in their five homes located within the Liberty at Paradise common-interest community (Liberty at Paradise).[1] The notices were based in large part on a report prepared by Thom Sanders of Building, Design & Analysis, Inc. On February 18, 2014, four of these homeowners, together with eleven additional plaintiffs (the original plaintiffs), filed a complaint against KB. The complaint included class action allegations pertaining to all 354 single-family homes located within Liberty at Paradise.

Subsequently, on February 26, 2014, Liberty at Paradise homeowners' association (Liberty HOA) served KB with a prelitigation *class* notice pursuant to NRS 40.645 for all single family homes located within Liberty at Paradise. KB's notice was also based on the report prepared by Sanders and provided in the original homeowners' Chapter 40 prelitigation notices; however, no mention was made concerning Chapter 40 prelitigation notices based on assignments from other owners. Liberty HOA later provided eight supplemental notices of construction defect to KB, with constructional defects based on Sanders's report.[2]

---

[1]On February 24, 2015, Assembly Bill (AB) 125 was signed into law. A.B. 125, 78th Leg. (Nev. 2015). This law became effective upon passage and approval and amended the notice requirements in NRS 40.645. 2015 Nev. Stat., ch. 2, § 23, at 21. However, the amendments do not apply to notices of construction defects given prior to the effective date of AB 125. 2015 Nev. Stat., ch. 2, § 21(3), at 20. Because the original homeowners' and Liberty HOA's notices were sent to KB prior to February 24, 2015, this order refers to the pre-amendment version of NRS 40.645.

[2]Liberty HOA's last supplemental notice was filed on January 27, 2015.

On July 8, 2014, the district court stayed the litigation, pursuant to NRS 40.647(2)(b) and a stipulation entered into between the parties, until the prelitigation Chapter 40 process was finalized.[3] On January 30, 2015, KB provided its formal response to the Chapter 40 prelitigation notice. In its response, KB objected to the sufficiency of the notice. Specifically, KB stated that the report compiled by Sanders was inadequate.[4]

On March 19, 2015, the original plaintiffs filed a motion to substitute Liberty HOA as plaintiff, pursuant to NRS 116.3102(1)(d) and NRCP 25(c), and for leave to file an amended complaint. The district court denied the original plaintiffs' motion.

On July 23, 2015, the original plaintiffs filed a motion to substitute Liberty HOA as plaintiff via assignments of claims from the individual homeowners. In its opposition, KB argued that the Chapter 40 prelitigation notice was facially invalid. KB raised the same objection

---

[3]On August 13, 2014, KB filed a separate complaint against Liberty HOA for declaratory judgment and preliminary injunction, concurrently with an ex parte application for a temporary restraining order and motion for a preliminary injunction. In relevant part, KB argued that the class notice and supplements were invalid.

[4]Although not entirely clear, KB also appears to have objected to the original plaintiffs' prelitigation notices. In its formal response, KB objected to Liberty HOA's notice based on its argument that Sanders's report was inadequate. Because Sanders's report was also the basis for the original plaintiffs' prelitigation notices, KB also appears to have objected to the original plaintiffs' prelitigation notices. Furthermore, although KB did not specifically object to the original plaintiffs' notices in its answer to the complaint, KB did state in its affirmative defense that the original plaintiffs had not complied with NRS Chapter 116 and/or NRS 40.600-40.695.

during the August 31, 2015, hearing on Liberty HOA's substitution motion based on the homeowners' assignments. The district court, without addressing KB's objections to the Chapter 40 prelitigation notices, granted the original plaintiffs' motion to substitute Liberty HOA as plaintiff in the action on September 24, 2015, pursuant to NRCP 17(a) and NRCP 25(c), and granted the original plaintiffs leave to file an amended complaint.

Liberty HOA filed its first amended complaint pursuant to the homeowners' assignments on October 6, 2015. KB's instant petition followed, with the parties agreeing to stay the district court case pending the outcome of this petition.[5]

KB's petition asks this court to consider whether Liberty HOA's notice of constructional defects complied with the notice requirements set forth in former NRS 40.645.[6] We conclude that the district court abused its discretion by failing to address the question of whether the original homeowners or Liberty HOA complied with the prelitigation notice requirements of NRS 40.645. Furthermore, because the other issues raised in KB's petition depend on a determination of whether there was a sufficient Chapter 40 notice, we decline to reach the merits of KB's other claims at this time. Therefore, we direct the district court to determine the sufficiency of the notice by performing a reasonable

___

[5]The facts and procedural history are known to the parties and will not be recounted further except as necessary for our disposition.

[6]KB also argues the following issues: (1) whether the district court erred by granting Liberty HOA's motion to substitute as plaintiff in the action pursuant to NRCP 17(a) and NRCP 25(c), (2) whether the homeowners' assignments are valid, and (3) whether the district court erred by allowing the assignments to relate back to the original homeowners' and Liberty HOA's notices.

threshold test as outlined in *D.R. Horton, Inc. v. Eighth Judicial District Court*, 123 Nev. 468, 168 P.3d 731 (2007).

*The district court did not perform a reasonable threshold test*

NRS 40.645 requires that a prelitigation constructional defect notice specify in "reasonable detail" the defects, any known causes, and the defects' locations. In *D.R. Horton*, this court established a "reasonable threshold test" to assist the district court with determining whether a prelitigation notice sufficiently meets the requirements set forth in NRS 40.645. *D.R. Horton*, 123 Nev. at 479, 168 P.3d at 739. Although prelitigation notices are presumed valid, a prelitigation notice that is challenged by a contractor must satisfy the reasonable threshold test. *Id.* at 479, 481, 168 P.3d at 739, 741. Furthermore, "because a district court's decisions may ultimately be subject to [this court's] review, the district courts [must] make *specific written findings*." *Id.* at 482, 168 P.3d at 741 (emphasis added). A district court's determination on the sufficiency of a prelitigation notice pursuant to NRS 40.645 is reviewed for an abuse of discretion. *Id.* at 479, 168 P.3d at 739 (granting district courts "wide discretion" to make sufficiency determinations).

Here, the record reflects that the district court did not apply the reasonable threshold test, nor did it make factual findings, after KB challenged the prelitigation notices. KB specifically objected to the sufficiency of the prelitigation notices submitted by Liberty HOA in KB's opposition to both of Liberty HOA's motions to substitute, as well as during the hearing on the motion to substitute pursuant to the homeowners' assignments. KB also objected to the sufficiency of the prelitigation notice in its formal response to the prelitigation notices. Furthermore, because KB objected to the notices based on its argument that Sanders's report was inadequate, and because Sanders's report was

also the basis for the original plaintiffs' prelitigation notices, KB also appears to have objected to the original plaintiffs' prelitigation notices. Thus, the district court abused its discretion by failing to perform a reasonable threshold test to the Chapter 40 prelitigation notices upon KB's objections. *See D.R. Horton,* 123 Nev. at 479, 168 P.3d at 739.

Accordingly, we

ORDER the petition GRANTED IN PART and direct the clerk of this court to issue a writ of mandamus instructing the district court to perform a reasonable threshold test and make specific findings related to whether the original plaintiffs' and Liberty HOA's notices met the requirements set forth in NRS 40.645.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Jerry A. Wiese, District Judge
Wood, Smith, Henning & Berman, LLP/Las Vegas
Pisanelli Bice, PLLC
Angius & Terry LLP/Las Vegas
Eighth District Court Clerk